UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DIANNE GIVES, ET AL.** | **CIV. ACTION NO. 3:21-02160** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **STATE FARM FIRE & CASUALTY CO.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

In conjunction with the withdrawal of their attorneys on September 12, 2022, the court accorded Plaintiffs Dianne Gives and Eddie Gives (collectively, the "Giveses") until October 19, 2022, within which to either enroll new counsel or notify the court in writing that they intended to proceed *pro se*. (Sept. 12, 2022 Order [doc. # 26]). When the foregoing deadline passed without any response from the Giveses, the undersigned issued an order requiring them to show cause by November 3, 2022, why they should not be sanctioned for failure to comply with the court's September 12, 2022 Order. (Oct. 24, 2022 Show Cause Order [doc. # 27]).[1] Within that same deadline, the court *again* ordered the Giveses to enroll new counsel or to file a written statement with the court indicating that they intended to represent themselves *pro se*. *Id*.

To date, the Giveses have not responded to the latest order and deadline. Also pending before the court is an unopposed motion to enforce settlement [doc. # 18] filed by Defendant State Farm Fire and Casualty Company ("State Farm").

### Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any

---

[1] The court noted that potential sanctions included dismissal of the case. *Id*.

claim against it." FED. R. CIV. P. 41(b) (in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Unless otherwise specified, a dismissal under Rule 41(b) operates as an adjudication on the merits. FED. R. CIV. P. 41(b).

A dismissal with prejudice represents an "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, the Giveses have ignored more than one court order. Furthermore, dismissal of the case may be the least sanction where, as here, there is every indication that the Giveses no longer wishes to pursue their cause of action.[2] Finally, the

---

[2] Certainly, if the Giveses dispute this inference, they may so demonstrate in their objection to the instant report and recommendation.

Giveses unrepentant flaunting of court orders[3] reflects their own contumaciouness or "stubborn resistance to authority"[4] which is personally attributable to them as litigants unrepresented by counsel.[5]

Upon consideration, the court is constrained to find that this matter is subject to dismissal for failure to prosecute/heed orders of the court.  Accordingly,

IT IS RECOMMENDED that the instant suit be DISMISSED, with prejudice.  FED. R. CIV. P. 41(b).  In light of the dismissal,

IT IS FURTHER RECOMMENDED that State Farm's motion to enforce settlement [doc. 18] be DENIED either as moot[6] or for lack of subject matter jurisdiction.[7]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of

---

[3] This report and recommendation itself provides the Giveses with further notice of their non-compliance.

[4] *See Millan, supra*.

[5] While the court is aware that the Giveses are not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

[6] The motion seeks dismissal of the suit on the basis that the parties reached a compromise and settlement of all Plaintiffs' claims.

[7] "Enforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).  The parties' settlement agreement suggests that the case settled for $70,000, which does not meet the amount in controversy requirement for the exercise of diversity jurisdiction.  *See* doc. # 18-3 and 28 U.S.C. § 1332.

filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 21st day of November, 2022.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE